UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
Case No. _____

| | | |
|---|---|---|
| Steven A. Moody, | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Dillon County, | ) | |
| | ) | |
| Defendant(s). | ) | |
| _____ | ) | |

COMES NOW, the Plaintiff, Steven A. Moody, by and through his undersigned counsel, who alleges and says unto this Honorable Court the following:

## INTRODUCTION

1.    This is an action seeking declaratory judgment, equitable relief, compensatory and punitive damages, costs, and attorney's fees for discrimination and retaliation in violation of the following:

A.    Age Discrimination in Employment Act of 1967, 29 U.S.C. §633a, as amended ("ADEA).

B.    General Policy of the Government prohibiting retaliation for opposing all civil rights practices listed above, 29 C.F.R. §1614.101(a)&(b).

C.    Wrongful Termination in violation of public policy.

1

2.      This Court has jurisdiction of this matter under 42 U.S.C. § 2000e-5(f), and under 28 U.S.C. §§1331 and 1343(4).

3.      Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendant conducts substantial, systematic, and continuous business activity in this district; is subject to personal jurisdiction in this district; and, because all of the acts underlying this lawsuit occurred in this district.

4.      Compensatory and punitive damages are both sought and liquidated damages pursuant to 29 U.S.C. §626(b).

5.      Furthermore, Plaintiff seeks attorney's fees for the bringing of this action pursuant to the 1976 Civil Rights Attorney's Fees Act and other appropriate attorney fees statutes authorized by law such as 29 U.S.C. §626(b) and 28 U.S.C. §2412(b).

6.      Plaintiff is a male over the age of 40 and a citizen of the United States and a resident of Dillon County, South Carolina.

7.      Plaintiff is informed and believes that Defendant, Dillon County, is a governmental entity, and an agency, department and/or political subdivision of Dillon County, within the meaning of the South Carolina Tort Claims Act, SC Code Ann §15-78-30, conducting business in the County of Dillon, State of South Carolina.

8.      On information and belief, at all times relevant to the allegations in this complaint, Defendant Florence One authorized to and did waive any state – law immunity from civil liability under state law causes of action by purchasing

2

liability insurance, either by contract with an insurance company of by participation in an insurance risk pool that covers claims raised in this lawsuit.

9.    Defendant is an employer within the meaning of ADEA.

10.   Plaintiff has exhausted all administrative remedies in that Plaintiff filed a charge of discrimination, EEOC 14C-2023-00805, alleging age discrimination. And, on January 19, 2024, EEOC issued Plaintiff a Notice of Right to Sue.

11.   Plaintiff has complied fully with all prerequisites to jurisdiction in this Court and brings this action within ninety (90) days of the receipt of the final agency decision.


## STATEMENT OF FACTS

12.   Plaintiff, Steven Moody, was 61 years old at the time he filed a Charge of Age Discrimination with the EEOC.

13.   Plaintiff had been employed by Defendant, Dillon County, in the Dillon County Department of Roads and Bridge Maintenance since March 11, 1991, most recently as the Director of the Department of Roads and Bridge Maintenance.

14.   Plaintiff was performing satisfactorily and had no history of significant discipline.

15.   On January 2023, the interim county administrator directed Plaintiff to make an improper dirt delivery to a private residence which would have been a misuse of county resources and against policy. Plaintiff declined the directive.

16.   The interim county administrator then began to ask Plaintiff's assistant, an individual younger than Plaintiff, to complete Plaintiff's job duties.

3

17. The interim county administrator then transferred and demoted Plaintiff to a landfill supervisor position without any explanation on February 14, 2023.

18. Plaintiff was not qualified for the new position or increased workload and did not possess the requisite computer or electronic input skills required for the position; and defendant knew Plaintiff lacked the technical training on timecards and purchase orders.

19. Defendant placed Plaintiff in an impossible position for the purpose of "pushing Plaintiff out" and employing younger employees who would comply with interim director's demands, right or wrong.

20. Because Plaintiff could not fulfill the new demoted role at the demand of Defendant, Defendant terminated Plaintiff on February 16, 2023.

21. Younger employees, under the age of 42 or younger than Plaintiff, were not removed from their position for disagreeing with the interim administrator.

22. Younger employees, under the age of 42 or younger than Plaintiff, were not demoted from director to supervisor without warning or cause.

23. Plaintiff attempted to file a grievance to protest the demotion and transfer and Defendant ignored Plaintiff's grievance request.

24. Defendant treated Plaintiff differently on the basis of age within the terms, privileges, and conditions of employment.

25. Plaintiff is aware of other employees of a younger age who were treated more favorably than Plaintiff with respect to work assignments and continued employment.

26.   Defendant cannot articulate a legitimate business reason for the discriminatory actions of forcing Plaintiff into a job position without training or skill and demoting Plaintiff without cause.

27.   Defendant's facially neutral policies and procedures were applied in a discriminatory manner, that was improper and violated Defendant's own practice and standards and in a manner which had a disparate impact on Plaintiff.

28.   As a result of the acts of discrimination within Defendant's employment practices and work environment, Plaintiff had suffered loss of employment position, loss of equal pay, compensatory damage, emotional harm and distress, financial distress, as well as harm to his personal and professional reputation and loss of prospective employment relationships.


## COUNT I
## (ADEA VIOLATION – AGE)

29.   Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

30.   Plaintiff, an Employee of Defendant over the age of 40, was performing satisfactorily before the interim administrator demoted Plaintiff.

31.   Defendant then began to hold Plaintiff to a different standard of work performance, exhibited extra scrutiny of Plaintiff, denied fair work assignment, training, and privileges in a manner unequal to the work environment provided to employees of a different age younger than Plaintiff.

32.  Plaintiff is aware of other employees of a younger age who were not subjected to these adverse employment actions, and Plaintiff believes Defendant replaced Plaintiff with an employee younger than Plaintiff.

33.  The foregoing actions of Defendant and its representatives discriminated against Plaintiff on the basis of age all in violation of Age Discrimination in Employment Act of 1967, 29 U.S.C. §633a, as amended ("ADEA).

34.  Plaintiff has suffered injury, including immediate and irreparable injury as described in the statement of facts, as a direct and proximate result of the Defendant's violation of all said rights as alleged herein.

## COUNT II
### (WRONGFUL TERMINATION)

35.  Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

36.  Plaintiff was an employee of Defendant and his employment was governed by employment agreements, actual or implied, as well as an employee handbook.

37.  Defendant owed Plaintiff an implied and/or contractual duty of good faith and fair dealing, which Defendant, through its alter ego interim administrator, breached.

38.  Defendant, through its employees action and inaction, created, allowed and relied on unreasonable explanations and actions of the administrator to be the reason for Plaintiff's demotion and termination.

39.    Defendant never performed an independent investigation nor responded to Plaintiff's grievance request regarding employment discrimination and termination.

40.    Defendants' demotion of Plaintiff which led to Plaintiff's separation was a wrongful termination in violation of public policy, as Defendant administrator demanded Plaintiff make an improper dirt delivery to a private citizen, which Plaintiff believed was a violation of policy and improper use of county resources. Public Policy favors employees who oppose illegal activity or misuse of government resources.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A.    Award Plaintiff costs of this action, together with reasonable attorney's fees as provided by statutes;

B.    Direct Defendant to pay Plaintiff compensatory damages; damages for his emotional distress, mental anguish and humiliation; and other compensatory and punitive or liquidated  damages allowable under the statutes in the amount to be determined by a jury;

C.    Award Plaintiff, reinstatement, back pay, and other compensatory and punitive damages in an amount to be determined by a jury; Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate;

D.      Award Plaintiff such other and further relief as this Court deems just and proper.


                                        WUKELA LAW FIRM

                                        By:  s/ Pheobe A. Clark
                                        **Pheobe A. Clark**, Federal ID No.  9888
                                        Post Office Box 13057
                                        Florence, SC   29504-3057
                                        Phone: (843) 669-5634
April 12, 2024                          Fax:   (843) 669-5150