UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Steven A. Moody, | ) | C/A No. 4:24-1901-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Dillon County, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This employment-related matter is before the court on Defendant's Motion for Partial Judgment on the Pleadings, ECF No. 22, in which Defendant Dillon County ("Defendant" or "County") seeks Rule 12(c) dismissal as to one of Plaintiff's causes of action. Plaintiff Steven A. Moody ("Plaintiff" or "Moody") opposes the Motion, ECF No. 24, and Defendant has filed a Reply, ECF No. 25. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). As the pending motion is dispositive, this Report and Recommendation ("R&R") is entered for review by the district judge. Having reviewed the pleadings, briefs, and applicable law, the undersigned recommends Defendant's Motion for Partial Judgment on the Pleadings, ECF No. 22, be granted.

I.   Factual and procedural background

Plaintiff's Complaint, ECF No. 1, includes a federal cause of action for discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), as amended, and a state-law-based cause of action for wrongful termination in violation of public policy ("WTPP"). Defendant filed an answer, ECF No. 6, and a scheduling order was issued, ECF No. 8. Several months later,

Defendant filed a Motion for Judgment on the Pleadings as to Plaintiff's WTPP cause of action. ECF No. 22.

Taken from the Complaint and accepted as true for purposes of this Report, Plaintiff alleges the following potentially relevant facts:

Plaintiff, who was 60 years old, worked for Defendant from March 1991 until February 16, 2023. His most recent position was as Director of the Department of Roads and Bridge Maintenance. Compl. ¶¶ 12-13.

In January 2023, the interim county administrator "directed Plaintiff to make an improper dirt delivery to a private residence which would have been a misuse of county resources and against policy. Plaintiff declined the directive." Compl. ¶ 15.

The interim county administrator began to ask Plaintiff's younger assistant to complete Plaintiff's job duties. Compl. ¶ 16. On February 14, 2023, the interim county administrator "transferred and demoted Plaintiff to a landfill supervisor position without any explanation[.]" Compl. ¶ 17. Plaintiff avers he was not qualified for the new position or increased workload; he submits Defendant "placed [him] in an impossible position for the purpose of 'pushing Plaintiff out' and employing younger employees who would comply with interim director's demands, right or wrong." Compl. ¶¶ 18-19.

"Because Plaintiff could not fulfill the new demoted role at the demand of Defendant, Defendant terminated Plaintiff on February 16, 2023." Compl. ¶ 20.

Plaintiff alleges his termination was caused, in part, because of his refusal to violate Defendant's established work policy prohibiting performing services for private citizens. Compl. ¶¶ 15, 40 (averring Defendant's "demotion of Plaintiff which led to Plaintiff's separation was a wrongful termination in violation of public policy, as Defendant administrator demanded Plaintiff

make an improper dirt delivery to a private citizen, which Plaintiff believed was a violation of policy and improper use of county resources."). Plaintiff also alleges he was treated differently from younger employees. *See* Compl. ¶¶ 21-25, 31-32.

II.     Standard of Review

The standard of review for a motion seeking judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is the same as that for Rule 12(b)(6) motions to dismiss for failure to state a claim. *Butler v. United States,* 702 F.3d 749, 751–52 (4th Cir. 2012). A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Fed. R. Civ. P. 12(b)(6). "A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When considering this motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The court is also to "'draw all reasonable inferences in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). Although a court must accept all *facts* alleged in the complaint as true, this is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted).

III.    Analysis

Defendant seeks dismissal of Plaintiff's WTPP cause of action because the South Carolina Whistleblower Act provides Plaintiff with an available statutory remedy for the allegedly wrongful termination and because Plaintiff has not specified a recognized public policy that Defendant

allegedly violated. Plaintiff opposes the Motion, arguing he has no existing statutory remedy and that he is not required to identify a specific public policy at the pleadings stage. The court considers the lack-of-a-specified-public-policy-violation first.

  A. Specified public policy

Generally, South Carolina law allows an employer to discharge an employee without incurring liability for good reason, no reason, or bad reason. *Culler v. Blue Ridge Elec. Coop.*, 422 S.E.2d 91, 92 (S.C. 1992). However, the South Carolina Supreme Court has recognized a "public policy" exception to this doctrine. *Ludwick v. This Minute of Carolina, Inc.*, 337 S.E.2d 213, 216 (S.C. 1985). In *Ludwick*, the court held that an employee has a tort cause of action for wrongful discharge [WTPP] when there is a retaliatory discharge of the at-will employee in violation of a clear mandate of public policy. *Id.* South Carolina courts have recognized two express situations in which an action for WTPP may be maintained: (1) an employee was required to violate a law as a condition of his or her employment, or (2) the employee's termination itself was in violation of a law. *See Desmarais v. Sci. Research Corp.*, 145 F. Supp. 3d 595, 598-99 (D.S.C. 2015) (citing *Ludwick*, 337 S.E.2d at 214-16; *Culler*, 422 S.E.2d at 92-93)). As noted by this court, a WTPP claim may be established when an employer requires its employee to violate any law, not just a criminal law. *Woods v. Stoba USA Corp.*, No. 2:18-CV-3329-DCN, 2019 WL 2098255, at *4 (D.S.C. May 14, 2019) (citing *Donevant v. Town of Surfside Beach*, 778 S.E.2d 320, 327 (S.C. Ct. App. 2015), aff'd, 811 S.E.2d 744 (S.C. 2018)). Beyond these parameters, though, South Carolina courts have been careful to narrowly interpret the exception to the employment-at-will doctrine. *See Desmarais*, 145 F. Supp. 3d at 598. In discussing whether other scenarios could exist, the court noted in *Barron v. Labor Finders of S.C.*, 713 S.E.2d 634, 637, 638 (S.C. 2011), that the public

4

policy exception applies when "there is a retaliatory termination of the at-will employee in violation of a clear mandate of public policy."

Defendant argues that Plaintiff's WTPP claim is subject to Rule 12 dismissal because he fails to identify a clear mandate of public policy that was violated by Defendant. Def. Mem. 4. The determination of what constitutes public policy is a question of law for the courts to decide. *Barron,* 713 S.E.2d at 638. "'The primary source of the declaration of public policy of the state is the General Assembly; the courts assume this prerogative only in the absence of legislative declaration.'" *Id.* (quoting *Citizens' Bank v. Heyward,* 133 S.E. 709, 713 (S.C. 1925)). The court "exercise[s] restraint when undertaking the amorphous inquiry of what constitutes public policy." *Taghivand v. Rite Aid Corp.*, 768 S.E.2d 385, 387 (S.C. 2015). As this court noted in *Smith v. Sam Carbis Solutions Group, LLC,* No. 4:16-CV-2320-RBH-TER, 2016 WL 11200718 (D.S.C. Nov. 15, 2016), *report and recommendation adopted,* No. 4:16-CV-2320-RBH-TER, 2017 WL 874983 (D.S.C. Mar. 6, 2017), South Carolina courts have held that "'for purposes of judicial application it may be regarded as well settled that a state has no public policy, properly cognizable by the courts, which is not derived or derivable by clear implication from the established law of the state, as found in its Constitution, statutes, and judicial decisions.'" *Smith*, 2016 WL 11200718, at *5 (quoting *Batchelor v. Am. Health Ins. Co.*, 107 S.E.2d 36, 38 (S.C. 1959)).

Plaintiff's Complaint alleges Defendant's "demotion of Plaintiff which led to Plaintiff's separation was a wrongful termination in violation of public policy, as Defendant administrator demanded Plaintiff make an improper dirt delivery to a private citizen, which Plaintiff believed was a violation of policy and improper use of county resources. Public Policy favors employees who oppose illegal activity or misuse of government resources." Compl. ¶ 40. In arguing he has pleaded enough to survive Defendant's Rule 12(c) challenge, Plaintiff argues his "termination for

5

refusal to make personal deliveries using county resources for his boss falls squarely in the public policy exception of termination for 'requiring an employee to break the law.'" Pl. Mem. 3 (citing *Garner v. Morrison Knudsen Corp.*, 456 S.E.2d 907 (S.C. 1995)). However, Plaintiff has not pointed to any statute, constitutional protection, or judicial decision setting forth any "clear mandate" of public policy that was violated. Plaintiff submits he is "not required to identify the public policy violation at the pleading stage." Pl. Mem. 5. Rather, Plaintiff submits he "needs to complete discovery to fully define the public policy violation occurring as the result of the employer's conduct in this case." *Id.* Plaintiff cites no authority to support the argument that he is entitled to discovery before being required to set out the alleged public policy at issue. Plaintiff submits dismissal would be premature in instances such as his that concern "novel issues or claims in relation to what constitutes wrongful discharge in violation of public policy." Pl. Mem. 6. In support of his argument that he has presented "novel" allegations that deserve further factual development, Plaintiff cites to two cases in which South Carolina courts determined dismissal was improper because of the public policy issue presented in support of a WTPP claim was "novel." *See Garner,* 456 S.E.2d at 909 ("Whether the exception applies when an employee is terminated in retaliation for reporting and testifying about radioactive contamination and unsafe working conditions at a nuclear facility is a novel issue, and such issues should not ordinarily be decided in ruling on a 12(b)(6) motion to dismiss."); *Keiger v. Citgo, Coastal Petroleum, Inc.*, 482 S.E.2d 792, 794 (S.C. Ct. App. 1997) ("[W]hether an employer's retaliatory discharge of an employee who threatens to invoke her rights under the Payment of Wages Act is a violation of a clear mandate of public policy[ ] is . . . a novel issue.").

However, as the South Carolina Court of Appeals noted in *McNeil v. S.C. Department of Corrections*, 743 S.E.2d 843 (S.C. Ct. App. 2013), merely alleging retaliatory termination in

violation of a clear public policy of a novel nature is required to survive dismissal. *Id.* at 847 ("[Otherwise,] any employee could circumvent the employment at-will doctrine by merely asserting a termination was retaliatory in violation of a clear mandate of public policy and contend it was a novel issue in this state."). Finding McNeil had not alleged a specific mandate of public policy, the court found dismissal of her WTPP claim was appropriate. *Id.* Further, to the extent Plaintiff submits his claim should survive because he has pleaded he was required to "violate the law," the undersigned agrees with Defendant's point that Plaintiff has made no effort to plead precisely what law he alleges was broken. Reply 2. More is required.

    Here, Plaintiff has not pleaded with sufficient particularity to permit the court to find his termination violated a specific mandate of public policy. Dismissal of Plaintiff's WTPP claim is appropriate. *See Mumford v. Florence Cnty. Disabilities & Special Needs Bd.*, No. 4:19-CV-1330-MGL-KDW, 2019 WL 5748959, at *6 (D.S.C. Sept. 17, 2019) (recommending dismissal of the plaintiff's wrongful discharge in violation of public policy claim because the plaintiff failed to identify a clear mandate of public policy to support her claim), *report and recommendation adopted,* No. CV41901330MGLKDW, 2019 WL 5721631 (D.S.C. Nov. 5, 2019); *see Woods*, 2019 WL 2098255, at *4 ("[W]hen a plaintiff seeks to create a new [public policy] exception, the plaintiff must point to the specific source of public policy that warrants the exception, and when the plaintiff does not do so, courts will dismiss the claim."); *Fields v. Richland Cnty. Sheriff's Dep't*, No. 3:17-CV-0443-MGL-TER, 2018 WL 4560538, at *8 (D.S.C. May 25, 2018), report and recommendation adopted, No. CV 3:17-0443-MGL-TER, 2018 WL 4001830 (D.S.C. Aug. 22, 2018) (dismissing a wrongful discharge claim under Rule 12(b)(6) where the plaintiff "point[ed] to no statute, constitutional protection, or judicial decision setting forth any 'clear mandate' of public policy violated when an employee is discharged despite following internal

policies"); *Smith*, 2016 WL 11200718, at *6 (D.S.C. Nov. 15, 2016) (dismissing a wrongful discharge claim under Rule 12(b)(6) where the plaintiff "pointed to no statute, constitutional protection, or judicial decision setting forth any 'clear mandate' of public policy violated when an employee is discharged for complaining of harassment, nor does she explain how additional discovery would aid her in discovering any such public policy").

Defendant's Motion for Judgment on the Pleadings as to Plaintiff's WTPP cause of action should be granted and Plaintiff's WTPP claim should be dismissed. If the court adopts this portion of the R&R, further analysis is unnecessary. In any event, the undersigned also considers Defendant's alternative-statutory-remedy argument.

B. Alternative statutory remedies

A state-law WTPP claim is proper only when a plaintiff has no available statutory remedy. *See Heyward v. Monroe*, 166 F.3d 332 (table), 1998 WL 841494, *4 (4th Cir. Dec. 7, 1998) (applying South Carolina law and finding WTPP claim not allowed when employee had remedy under Title VII, noting South Carolina's WTPP cause of action "has not been extended to circumstances where there is a statutory remedy for employment discrimination"); *Bolin v. Ross Stores, Inc.*, No. 08-cv-02759-MJP, 2009 WL 363990, *4 (D.S.C. Feb. 11, 2009) ("It is well established that no common law public policy wrongful termination claim can be stated where the employee has an existing statutory remedy." (citing *Zeigler v. Guidant Corp.*, No. 2:07-3448-MBS-RSC, 2008 WL 2001943 (D.S.C. 2008)); *Ramsey v. Vanguard Servs., Inc.*, No. 07-00265, 2007 WL 904526 (D.S.C. Mar. 22, 2007) (granting defendant's motion to dismiss employee's WTPP claim because the plaintiff had an available statutory remedy under the South Carolina Payment of Wages Act); *Lawson v. S.C. Dep't of Corrs.*, 532 S.E.2d 259, 261 (S.C. 2000) (WTPP claim not allowed when employee had remedy under state Whistleblower Act), *overruled on other*

*grounds, Paradis v. Charleston Cnty. Sch. Dist.*, 861 S.E.2d 774 (S.C. 2000) (holding special damages need not be pleaded for civil conspiracy claim); *Stiles v. Am. Gen. Life Ins. Co.*, 516 S.E.2d 449, 452 (S.C. 1999) (Toal, J. concurring) ("As these cases make clear, the *Ludwick* exception is not designed to overlap an employee's statutory or contractual rights to challenge a discharge, but rather to provide a remedy for a clear violation of public policy where no other reasonable means of redress exists."); *Dockins v. Ingles Markets, Inc.*, 413 S.E.2d 18, 19 (S.C. 1992) (finding employee could not pursue WTPP claim because he was limited to a potential remedy under the FLSA); *Epps v. Clarendon Cnty.*, 405 S.E.2d 386, 387 (S.C. 1991) (finding WTPP claim not allowed where employee had potential remedy under 42 U.S.C. § 1983).

Defendant submits dismissal is appropriate because Plaintiff has an available statutory remedy as the allegations in the WTPP cause of action "fit squarely within South Carolina's Whistleblower Act." Def. Mem. 3 (quoting S.C. Code §§ 8-27-10(5) and 8-27-30(A)).[1]

---

[1] The portions of the South Carolina Whistleblower Act quoted by Defendant follow:

> "Wrongdoing" means action by a public body which results in substantial abuse, misuse, destruction, or loss of substantial public funds or public resources. "Wrongdoing" also includes an allegation that a public employee has intentionally violated federal or state statutory law or regulations or other political subdivision ordinances or regulations or a code of ethics, which violation is not merely technical or of a minimum nature.

S.C. Code § 8-27-10(5).

> (A) If an employee is dismissed, suspended from employment, demoted, or receives a decrease in compensation, within one year after having timely reported an alleged wrongdoing under this chapter, the employee may institute a nonjury civil action against the employing public body for (1) reinstatement to his former position; (2) lost wages; (3) actual damages not to exceed fifteen thousand dollars; and (4) reasonable attorney fees as determined by the court, but this award of attorney fees may not exceed ten thousand dollars for any trial and five thousand dollars for any appeal. The action must be brought in the court of common pleas of the county in which the employment action occurred. No action may be brought under this chapter unless (1) the employee has exhausted all available grievance or other administrative remedies; and (2) any previous proceedings have resulted in a finding that the employee would not have been disciplined but for the reporting of alleged wrongdoing.

S.C. Code Ann. § 8-27-30.

9

In his response, Plaintiff submits that the existing-statutory-remedy argument does not apply to him because he "never engaged in any conduct whatsoever that rises to the level of whistleblowing." Pl. Mem. 4. Plaintiff submits he merely refused to engage in the misuse of county funds; he did not "report substantial abuse to anyone internally or externally." *Id.* (referencing S.C. Code § 8-27-10(5)'s protection for employees who report certain matters).

The undersigned agrees with Defendant's reply argument that Plaintiff's failure to take advantage of a statutory protection or remedy does not mean he did not have such protections available to him. Reply 3. In *Lawson*, the South Carolina Supreme Court dismissed the plaintiff's WTPP claim, noting he was limited to pursuing relief under the Whistleblower Act, even while also finding his Whistleblower Act claim subject to dismissal for failing to file a proper report. *Lawson*, 532 S.E.2d at 261. "That the available remedies under [the Whistleblower Act] may be limited and that the Act[] may impose procedural hurdles to recovery do not modify th[e] conclusion" that a plaintiff is limited to statutory remedies. *Newman v. S.C. Dept. of Employment and Workforce*, 3:10-942-CMC-PJG, 2010 WL 4666360, *2-3 (D.S.C. Nov. 18, 2010) (dismissing *Ludwick* WTPP claim when plaintiff alleges she was terminated for refusing to commit fraud).

Defendant is entitled to judgment on the pleadings as to Plaintiff's WTPP cause of action.

IV.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that Defendant's Partial Motion to Dismiss, ECF No. 22, be granted, and Plaintiff's Second Cause of Action for Wrongful Termination in Violation of Public Policy be dismissed.

IT IS SO RECOMMENDED.

May 2, 2025                                             Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**