IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven A. Moody, ) | Case No.: 4:24-cv-01901-JD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Dillon County, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 37), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Defendant Dillon County's Motion for Partial Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure (DE 22).[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

According to the Complaint, Plaintiff, age 60, was employed by Defendant from March 1991 until his termination on February 16, 2023. At the time of his discharge, he served as the Director of the Department of Roads and Bridge Maintenance. (DE 1, ¶¶ 12–13.) Plaintiff alleges that in January 2023, the interim county administrator

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

directed him to deliver dirt to a private residence—an act Plaintiff refused, citing improper use of county resources and violation of official policy. (*Id.* ¶ 15.)

Following this refusal, the interim administrator allegedly reassigned Plaintiff's duties to a younger assistant and, on February 14, 2023, demoted Plaintiff to the role of landfill supervisor without explanation. (*Id.* ¶¶ 16–17.) Plaintiff asserts that he lacked both the qualifications and physical ability to perform the duties of the new role, and claims the reassignment was intended to force him out in favor of younger, more compliant employees. (*Id.* ¶¶ 18–19.)

On February 16, 2023, Plaintiff was terminated. He alleges this was due in part to his refusal to perform the unauthorized delivery and contends the termination constituted wrongful discharge in violation of public policy. He also claims he was treated less favorably than his younger counterparts. (*See* DE 1 ¶¶ 15, 20–25, 31–32, 40.)

### B. Report and Recommendation

On May 2, 2025, the Magistrate Judge recommended dismissal of Plaintiff's Second Cause of Action for Wrongful Termination in Violation of Public Policy. (DE 37.) The Report concluded that Plaintiff failed to allege sufficient factual detail to establish that his termination violated a clearly mandated public policy. (DE 37 at 7.) Additionally, the Report emphasized that a public policy claim is only appropriate when no alternative statutory remedy exists. *See Heyward v. Monroe*, 166 F.3d 332 (table), 1998 WL 841494, at *4 (4th Cir. Dec. 7, 1998).

Plaintiff argued that this limitation did not apply to him, asserting he never engaged in whistleblowing conduct. (DE 24 at 4.) However, the Report correctly noted that the availability of a statutory remedy—regardless of whether Plaintiff availed himself of it—precludes a common law public policy claim. (DE 37 at 10.) No objections to the Report were filed.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Having conducted a thorough review of the Report and the record, and finding no clear error, the Court adopts the Report (DE 37) and incorporates it herein by reference.

It is, therefore, ORDERED that Defendant's Partial Motion to Dismiss (DE 22) is GRANTED, and Plaintiff's Second Cause of Action for Wrongful Termination in Violation of Public Policy is DISMISSED.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 27, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.