IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Steven A. Moody, | ) | C/A NO. 4:24-cv-01901-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Dillon County, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina (DE 54), concerning Defendant's Motion for Summary Judgment (DE 40).[1] The Report recommends granting the motion as to Plaintiff's remaining claim under the Age Discrimination in Employment Act. Plaintiff filed timely objections to the Report (DE 56), and Defendant filed a reply (DE 57). Accordingly, the matter is ripe for review.

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

## I.    BACKGROUND

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

### A.    Factual Background

Plaintiff Steven A. Moody ("Plaintiff" or "Moody") was employed by Defendant Dillon County in the Department of Roads and Bridge Maintenance beginning in 1991 and was later promoted to Director of that department. (DE 1 ¶¶ 12–13.) Plaintiff was approximately sixty-one years old at the time of the events at issue. (*Id.* ¶ 12.)

The summary judgment record reflects that, in January 2023, Interim County Administrator Matthew Elvington directed Plaintiff to perform a dirt delivery to private property. Plaintiff declined to do so, believing the request to be improper. (DE 54 at 2–3.) Thereafter, in February 2023, following the resignation of the landfill supervisor, Elvington asked Plaintiff to assume that role on an interim basis. (*Id.* at 3–4.) Plaintiff expressed that he did not believe he was qualified for the position and declined the reassignment on multiple occasions. (*Id.*)

On February 16, 2023, after Plaintiff continued to refuse the reassignment, Defendant terminated his employment for insubordination. (*Id.* at 4.) Following Plaintiff's termination, his former position as Director of Roads and Bridges was filled by an individual older than Plaintiff, while the landfill supervisor position was filled by a younger employee after Plaintiff declined the role. (*Id.*)

Plaintiff disputes Defendant's characterization of these events and contends that the reassignment and termination were motivated by age discrimination. He asserts that he lacked the technical and physical qualifications for the landfill position, that younger employees were treated more favorably, and that Defendant's stated reasons are pretextual. (DE 1; DE 43.)

**B.    Procedural Posture**

Plaintiff initiated this action on April 12, 2024, asserting claims under the ADEA and for wrongful termination in violation of public policy. (DE 1.) Defendant answered the Complaint (DE 6), and the Court subsequently granted Defendant's partial motion for judgment on the pleadings, dismissing the state-law claim. (DE 37; DE 41.)

Following discovery, Defendant filed a Motion for Summary Judgment on May 13, 2025. (DE 40.) In support of its motion, Defendant submitted a Joint Statement of Material Facts and supporting evidentiary materials. (DE 38; DE 39.) Plaintiff filed a response in opposition, along with an opposing statement of material facts (DE 42; DE 43), and Defendant filed a reply and reply statement of material facts. (DE 44; DE 46.)

## II.    REPORT AND RECOMMENDATION

The Magistrate Judge issued a Report on January 16, 2026. (DE 54.) The Report recommends that Defendant's Motion for Summary Judgment be granted as to Plaintiff's remaining claim under the ADEA. (*Id*.) The Report sets forth the applicable legal framework under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and addresses each stage of the burden-shifting analysis.

At the prima facie stage, the Magistrate Judge notes that, although Plaintiff satisfies certain elements, there are substantial questions as to whether he can establish all required elements—particularly whether the circumstances surrounding his reassignment and termination give rise to an inference of age discrimination. The Report observes that Plaintiff's position as Director of Roads and Bridges was filled by an individual older than Plaintiff and that the landfill supervisor position was offered to Plaintiff before being filled by a younger employee only after Plaintiff declined the reassignment. (*Id.* at 12–13.) These facts, the Magistrate Judge explains, undermine any inference of age-based animus. Nonetheless, recognizing that the prima facie burden is not onerous, the Report assumes without deciding that Plaintiff has established a prima facie case and proceeds to the remaining stages of the analysis. (*Id.* at 13.)

The Magistrate Judge then finds that Defendant has articulated legitimate, nondiscriminatory reasons for the challenged employment actions. Specifically, Defendant presented evidence that it reassigned Plaintiff to the landfill supervisor position based on its determination that Plaintiff was the most qualified employee to fill that role on an interim basis, given his supervisory experience and operational familiarity. (*Id.* at 14–15.) The Report further concludes that Defendant terminated Plaintiff for insubordination after he repeatedly refused to comply with directives to accept that reassignment. (*Id.*)

Turning to pretext, the Magistrate Judge concludes that Plaintiff has failed to produce evidence from which a reasonable jury could find that Defendant's stated

reasons were false or that age discrimination was the real reason for the challenged actions. The Report addresses Plaintiff's specific arguments, including his contention that a younger employee (Mincey) was more appropriate for the landfill role, and explains that such evidence does not undermine Defendant's stated rationale or demonstrate pretext. (*Id*. at 15–16.) The Magistrate Judge further notes that Defendant initially selected Plaintiff—rather than the younger employee—for the position, which undercuts any inference of age discrimination. (*Id*.)

The Report also rejects Plaintiff's alternative theory that his reassignment and termination were motivated by his refusal to comply with an allegedly improper directive regarding dirt removal, explaining that such a theory does not support a claim of age-based discrimination under the ADEA. (*Id*. at 16.) Additionally, the Magistrate Judge distinguishes Plaintiff's reliance on *Wannamaker-Amos v. Purem Novi, Inc.*, finding that the record here lacks evidence of shifting explanations, policy deviations, or other indicia of pretext present in that case. (*Id*.)

Ultimately, the Magistrate Judge concludes that Plaintiff has not carried his burden to show that age was the "but-for" cause of his reassignment or termination, as required under the ADEA. *See Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 176 (2009). Accordingly, the Report recommends that Defendant's Motion for Summary Judgment be granted and that this action be dismissed. (DE 54 at 17.)

### III.     LEGAL STANDARD

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### IV.     OBJECTIONS

Plaintiff objects to the Magistrate Judge's recommendation that summary judgment be granted on his ADEA claim. The Court addresses each objection in turn.

Plaintiff first argues that his reassignment from Director of Roads and Bridges to the landfill supervisor position constituted an adverse employment action and that the Report improperly required a heightened showing of harm. In support, Plaintiff relies on *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024), asserting that a plaintiff need not demonstrate a "significant" change in working conditions to establish an adverse employment action. (DE 56 at 3.)

This objection does not alter the outcome here. As the Magistrate Judge expressly explained, the Report assumed—without deciding—that Plaintiff could satisfy the prima facie elements of an ADEA claim, including the existence of an adverse employment action, and proceeded to the dispositive question of pretext. (DE 54 at 13.) Accordingly, even accepting Plaintiff's characterization of the reassignment under *Muldrow*, that decision does not alter the outcome here. *Muldrow* clarifies that a plaintiff need only show some disadvantage with respect to the terms or conditions of employment, not a "significant" one. However, it does not relieve a plaintiff of the burden to show that the employer's stated reason is pretextual or that the challenged action was taken because of a protected characteristic. Here, the Magistrate Judge assumed that Plaintiff could satisfy the prima facie elements and proceeded to the dispositive question of pretext. Thus, even under *Muldrow*, Plaintiff's argument does not address the basis for the Report's recommendation.

Plaintiff next contends that the Magistrate Judge erred in considering the fact that he was replaced by an older employee and relies on *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308 (1996), to argue that replacement by someone within the protected class does not defeat an ADEA claim. (DE 56 at 4.) While Plaintiff correctly states the general principle set forth in O'Connor, the objection misapprehends the Report's analysis. The ADEA prohibits discrimination because of age—not merely class membership—and the relevant inquiry is whether the evidence supports an inference that age motivated the employer's decision. The Magistrate Judge did not conclude that Plaintiff's claim failed solely because his replacement

7

was older. Rather, that fact—along with the undisputed evidence that Defendant initially selected Plaintiff, rather than a younger employee, for the landfill supervisor role—was considered as part of the overall evidentiary record in assessing whether Plaintiff had produced evidence of discriminatory intent or pretext. *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. at 312 (noting that replacement by a substantially younger individual may support an inference of discrimination). Thus, Plaintiff's reliance on *O'Connor* does not undermine the Report's reasoning.

Plaintiff characterizes the reassignment as an attempt to "set [him] up for failure." (DE 56 at 4–5.) Even if Plaintiff could establish that the reassignment was ill-advised or that another employee may have been a better candidate, such evidence does not, without more, support a reasonable inference that the decision was motivated by age. The ADEA does not prohibit unfair or mistaken employment decisions; it prohibits decisions made because of age. Plaintiff has not identified evidence linking the alleged "set up" to age-based animus.

These arguments likewise fail to create a genuine dispute of material fact as to pretext. As the Magistrate Judge recognized, Defendant presented evidence that it selected Plaintiff for the landfill supervisor role based on its assessment that he possessed the most relevant supervisory and operational experience. (DE 54 at 14–15.) The fact that Plaintiff disagrees with that assessment, or believes another employee was better suited for the position, does not establish that Defendant's stated reason was false or that age discrimination was the real reason for the decision. *See Hux v. City of Newport News*, 451 F.3d 311, 315 (4th Cir. 2006)

(explaining that courts do not sit as "super-personnel departments" second-guessing employers' business judgments).

Nor does Plaintiff's assertion that the reassignment differed from prior internal practices demonstrate pretext. Plaintiff has not identified evidence that Defendant's explanation has shifted over time, that similarly situated younger employees were treated more favorably under comparable circumstances, or that any deviation from prior practice was tied to age-based animus. Instead, the record reflects that Defendant initially sought to retain Plaintiff by placing him in a role it believed he could perform and terminated him only after he repeatedly refused to comply with that directive. (DE 54 at 14–16.)

Finally, Plaintiff's contention that discriminatory intent may be inferred from "differences in treatment" does not alter the analysis. While disparate treatment can, in appropriate circumstances, support an inference of discrimination, Plaintiff has not presented evidence of similarly situated employees outside his protected class who were treated more favorably under comparable conditions. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Moreover, Plaintiff's alternative theory—that the reassignment and termination were motivated by his refusal to carry out an allegedly improper directive—does not implicate age discrimination and therefore cannot satisfy the ADEA's requirement that age be the but-for cause of the adverse action.

In sum, even considering Plaintiff's objections and the authorities he cites, the Court agrees with the Magistrate Judge that Plaintiff has failed to produce evidence

9

from which a reasonable jury could conclude that Defendant's stated reasons were false and that age was the but-for cause of his reassignment or termination. Accordingly, Plaintiff's objections do not provide a basis to reject the Report.

Plaintiff's objections are, therefore, overruled.

## V.    CONCLUSION

Accordingly, after a thorough review of the Report and Recommendation, Plaintiff's objections, the record, and applicable law, the Court overrules Plaintiff's objections (DE 56) and adopts the Report (DE 54) in its entirety. Defendant's Motion for Summary Judgment (DE 40) is granted as to Plaintiff's remaining claim under the Age Discrimination in Employment Act, and this action is dismissed with prejudice.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 20, 2026

10

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.